BARTON PECK v. OVERTON REED.

(No. 4059.)

APPEAL from Mitchell County.    Opinion by WHITE, P. J.

*(Transferred from Austin.)*

· GEO. W. SMITH, counsel for appellant.

No counsel appeared for appellee.

§ 265.  *Certiorari; motion to dismiss; rules as to; practice when transcript or papers are lost, etc.; case stated.*  Appellee having recovered a judgment against appellant in justice's court, the latter removed the cause by *certiorari* to the county court, March 11, 1885. On September 7, 1885, the petition of appellant was dismissed upon motion made by appellee, because the transcript and original papers from justice's court had not been filed in the county court. On September 15, 1885, on motion of appellant, the judgment dismissing the *certiorari* was set aside, the cause was reinstated, and an *alias certiorari* was issued to the justice to send up transcript and original papers. In answer to the *alias* writ the justice filed an affidavit stating that the original papers were not in his possession and that he knew nothing of their whereabouts. On December 8, 1885, on motion of appellee, the cause was again dismissed because the original papers had not been filed. *Held* error. There are but two causes specified in the statute for the dismissal of a *certiorari*, to wit: (1) For want of sufficient cause appearing in the affidavit; (2) for want of a sufficient bond.  [R. S. art. 311.]  No other ground can be entertained.  [2 W. Con. Rep. § 108.]  Again, the motion to dismiss was not made at the first term of the court to which the *certiorari* was returnable and should not therefore have been entertained even had the grounds thereof been sufficient.  [2 W. Con. Rep. § 109.]  When it became apparent that the original papers had been

lost, if the same were material to a trial *de novo*, they should have been substituted, and the trial proceeded with in the county court.

February 26, 1887.　　　Reversed and remanded.